**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:16-cv-02755-CMA-NYW

JOSEPH A. KOVACH

    Plaintiff,
v.

NAVIENT SOLUTIONS, INC.

    Defendant.

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Navient Solutions, LLC f/k/a Navient Solutions, Inc. (**NSL**) answers Plaintiff Joseph A. Kovach's First Amended Complaint (**FAC**), Doc. No. 41:

### INTRODUCTION

1.    Paragraph 1 purports to characterize the FAC, which is a writing and speaks for itself. NSL denies any allegations inconsistent therewith.

### JURISDICTION & VENUE

2.    NSL admits this court has federal question jurisdiction over Plaintiff's claim. NSL denies it violated the Telephone Consumer Protection Act (**TCPA**).

3.    NSL admits, for purpose of this action only, it transacts business within the State of Colorado.

4.    NSL admits, for purposes of this action only, it transacts business within the District this Court embraces and does not contest venue for this action only.

## PARTIES

5. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 5 and therefore denies the same.

6. Paragraph 6 states a legal conclusion to which no response is required.

7. NSL admits it is a limited liability corporation that does business in Colorado. NSL further admits it maintains a business location in Wilmington, Delaware. Except as expressly stated, NSL denies each and every other allegation in paragraph 7.

8. Paragraph 8 states a legal conclusion to which no response is required.

9. Paragraph 9 states a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

10. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 10 and therefore denies the same.

11. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 11 and therefore denies the same.

12. Denied.

13. Paragraph 13 states a legal conclusion to which no response is required.

14. Paragraph 14 states a legal conclusion to which no response is required.

15. NSL is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 15 and therefore denies the same.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, NSL denies Plaintiff revoked consent for any future communications to his cellular telephone in either May 2015 or August 2015.

2

42601615;1

17. Denied.

18. Denied.

19. Denied.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

20. NSL incorporates its responses in all preceding paragraphs by reference.

21. Paragraph 21 states a legal conclusion to which no response is required.

22. Paragraph 22 states a legal conclusion to which no response is required.

23. Paragraph 23 states a legal conclusion to which no response is required.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

NSL denies all other allegations in the FAC not specifically admitted.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the causes of action in the FAC, NSL alleges the affirmative defenses set forth below. By the following allegations, NSL does not assume the burden of proving any fact or element of a cause of action where such burden properly belongs to Plaintiff.

## **FIRST AFFIRMATIVE DEFENSE**

1. The FAC and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against NSL.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's claims are barred, in whole or in part, from maintaining his alleged causes of action because he provided "prior express consent" within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(A), for all calls allegedly placed to his cell phone numbers by any alleged automatic telephone dialing system.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands or other equitable principles.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claim is barred in whole or in part by the Bipartisan Budget Act of 2015 because NSL made calls to Plaintiff while servicing federal student loans owned or guaranteed by the United States.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff was not "charged" for any of the alleged calls as required by 47 U.S.C. § 227(b)(1)(A)(iii).

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff has failed to mitigate his damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims for damages are barred to the extent that recovery from NSL would result in Plaintiff's unjust enrichment.

## EIGHTH AFFIRMATIVE DEFENSE

8.     NSL specifically denies it willfully or knowingly violated the TCPA, and denies it acted with any intent or knowledge to cause any injury or loss to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff's lacks standing to bring a claim against NSL because he has not suffered any cognizable injury or damages.

## TENTH AFFIRMATIVE DEFENSE

10.    NSL is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the FAC; however, if NSL is found to be legally responsible in any manner, it alleges its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-defendant parties, persons and entities, or the agents, servants and employees of such non-defendant parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of NSL.

### TWELFTH AFFIRMATIVE DEFENSE

12. NSL has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. NSL therefore reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

**WHEREFORE**, NSL prays for judgment as follows:

1. The FAC and every cause of action therein be dismissed with prejudice;

2. Plaintiff's prayers for relief, and each and every one of them, be denied;

3. Judgment be entered in favor of NSL;

4. NSL be awarded its costs and attorneys' fees—if allowable—in this action; and

5. NSL be awarded such other relief as the Court deems proper.

Respectfully submitted, this 25th day of August, 2017.

*s/ Taylor T. Haywood*
Dennis N. Lueck, Jr. #44283
Taylor T. Haywood, #46664
**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Fax: (303) 260-7714
Email:  dennis.lueck@akerman.com
Email:  taylor.haywood@akerman.com

*Attorneys for Defendant Navient Solutions, LLC f/k/a Navient Solutions, Inc.*

## CERTIFICATE OF SERVICE

I certify on August 25, 2017, I filed and served a true and correct copy of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** via the Court's CM/ECF system on the following:

Amy Lynn Bennecoff Ginsburg, Esq.
Joseph C. Hoeffel, Esq.
KIMMEL & SILVERMAN, P.C.
30 E. Butler Pike
Ambler, PA 19002

*Counsel for Plaintiff Joseph A. Kovach*

*s/ Lisa King*
Lisa King