# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:16-cv-02755-CMA-NYW

JOSEPH A. KOVACH

    Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

    Defendant.

## FINAL PRETRIAL ORDER

### 1.   DATE AND APPEARANCES

The Court held a final pretrial conference on February 2, 2018. Taylor T. Haywood appeared as counsel for Defendant Navient Solutions, LLC (**NSL**). Joseph C. Hoeffel appeared as counsel for Plaintiff Joseph A. Kovach.

### 2.   JURISDICTION

This Court has subject matter jurisdiction because Mr. Kovach asserts a claim for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (**TCPA**). NSL does not dispute this Court has personal jurisdiction.

### 3.   CLAIMS AND DEFENSES

**Mr. Kovach's Statement:**

Mr. Kovach asserts NSL violated the TCPA by making calls to Mr. Kovach's cellular telephone that were automated and/or used prerecorded messages even after being told to stop. Mr. Kovach found these calls harassing, upsetting, annoying, inconvenient, aggravating and frustrating.

**NSL's Statement:**

NSL denies violating the TCPA. NSL services Mr. Kovach's federal student loans. In the ordinary course of business, NSL attempted to contact Mr. Kovach win connection with his federal student loans. NSL's records reflect Mr. Kovach initially consented to receiving calls on his cellular telephone number ending in 5587 and it ceased calling Mr. Kovach's cellular telephone number ending in 5587 when he requested NSL stop doing so. To the extent NSL made any calls to Mr. Kovach in violation of the TCPA, the violations were not willful or intentional.

### 4.   STIPULATIONS

The following facts are undisputed:

1. Mr. Kovach obtained two federal Stafford loans under the Federal Family Education Loan Program (**FFELP**) in 2007 (the **loans**).

2. Mr. Kovach signed a Federal Stafford Loan Master Promissory Note in connection with the loans.

3. Mr. Kovach's cellular telephone number ends in 5587.

4. Mr. Kovach's obtained his cellular telephone number ending in 5587 in 2013.

5. Mr. Kovach provided his cellular telephone number ending in 5587 to NSL (then known as Sallie Mae, Inc.) in 2013.

6. Mr. Kovach provided his cellular telephone number ending in 5587 to NSL during a telephone call on June 18, 2014.

7. NSL called Mr. Kovach's cellular telephone number ending in 5587 during the relevant time-period of May 28, 2015 to August 27, 2015 (as reflected on NSL000047-

NSL000048) using an "automated telephone dialing system" as defined by the TCPA.[1]

## 5. PENDING MOTIONS

Mr. Kovach's motion for summary judgment, Doc. No. 61, and NSL's motion for summary judgment, Doc. No. 62, remain pending. Mr. Kovach filed his motion on December 2, 2017. NSL filed its motion on December 4, 2017.

## 6. WITNESSES

### a. Non-expert witnesses

Mr. Kovach will call the following non-expert witnesses:

1. Joseph Kovach
   c/o Joseph C. Hoeffel and Amy L. Ginsburg
   KIMMEL & SILVERMAN P.C.
   30 East Butler Pike
   Ambler, Pennsylvania 19002
   Telephone: (215) 540-8888

Mr. Kovach will testify to the allegations in his complaint and amended complaint; namely, his revocation of consent to be called and the continued calls following his revocation. Mr. Kovach will testify in person.

2. Corporate representative and/or records custodian for NSL
   c/o Justin D. Balser or Taylor T. Haywood
   AKERMAN LLP
   1900 Sixteenth Street, Suite 1700
   Denver, Colorado 80202
   Telephone: (303) 260-7712

Mr. Kovach anticipates this witness will testify to NSL's policies and procedures and telephone dialing system. This witness will testify in person.

Mr. Kovach may call the following non-expert witnesses if the need arises: None expected.

---

[1] Mr. Kovach and NSL agree this stipulation is specific to this litigation only, and shall not be used, and shall not be used in any other litigation or proceeding.

43934488;1

NSL will call the following non-expert witnesses:

1.  Joseph A. Kovach
    c/o Joseph C. Hoeffel and Amy L. Ginsburg
    KIMMEL & SILVERMAN P.C.
    30 East Butler Pike
    Ambler, Pennsylvania 19002
    Telephone: (215) 540-8888

NSL anticipates Mr. Kovach will testify regarding his student loans, his ownership and use of the cellular telephone number ending in 5587, his communications with NSL, and the allegations his complaint. Mr. Kovach will testify in person.

2.  Corporate representative and/or records custodian for NSL
    c/o Justin D. Balser or Taylor T. Haywood
    AKERMAN LLP
    1900 Sixteenth Street, Suite 1700
    Denver, Colorado 80202
    Telephone: (303) 260-7712

NSL's corporate representative will testify regarding NSL's servicing of Mr. Kovach's student loans, documents related to Mr. Kovach's loans, Mr. Kovach's communications with NSL, and facts related to Mr. Kovach's claims and NSL's defenses. NSL's corporate representative will testify in person.

NSL may call the following non-expert witnesses if the need arises: None expected.

### b.  Expert witnesses

Neither party will call any expert witnesses.

### 7.  EXHIBITS

Mr. Kovach and NSL both intend to offer the exhibits below and stipulate to their admission into evidence:

| | TITLE | STIP? |
|---|---|---|

| | | |
|---|---|---|
| **1.** | Federal Stafford Loan Master Promissory Note **[NSI000001-000008]** | YES |
| **2.** | NSL's Class Notes dated June 18, 2014 **[NSI000042]** | YES |
| **3.** | NSL'S MYL Session dated June 4, 2015 **[NSI000011-000030]** | YES |
| **4.** | NSL'S call log reflecting calls to telephone number ending in 5587 from May 28, 2015 through August 27, 2015 **[NSL000047-000048]** | YES |
| **5.** | NSL's Class Notes dated from May 28, 2015 through August 27, 2015 **[NSI000049-000052]** | YES |
| **6.** | Letter from Kimmel & Silverman, P.C. to NSL dated August 31, 2015 **[NSI000009]** | YES |
| **7.** | NSL's Call Recording – File No. IRCall_140067491380150527.wav (dated May 27, 2015) | YES |
| **8.** | NSL's Call Recording – File No. IRCall_140089914880150528.wav (dated May 28, 2015) | YES |
| **9.** | NSL's Call Recording – File No. IRCall_1054321602A150603.wav (dated June 3, 2015) | YES |
| **10.** | NSL's Call Recording – File No. IRCall_10555242326150824.wav (dated August 24, 2015) | YES |
| **11.** | NSL's Call Recording – File No. IRCall_140086092160150826.wav (dated August 26, 2015) | YES |
| **12.** | NSL's Call Recording – File No. IRCall_240009905260150827.wav (dated August 27, 2015) | YES |

Mr. Kovach intends to offer the additional exhibits listed below. The exhibits marked "YES" in the third column are stipulated into evidence:

| | **TITLE** | **STIP?** |
|---|---|---|
| **13.** | NSL's Responses to Mr. Kovach's First Set of Interrogatories | |
| **14.** | NSL's Responses to Mr. Kovach's First Set of Requests for Production | |
| **15.** | Telephone records Mr. Kovach subpoenaed from T-Mobile | |

NSL intends to offer the additional exhibits listed below. The exhibits marked "YES" in the third column are stipulated into evidence:

| | **TITLE** | **STIP?** |
|---|---|---|
| **A.** | Letter from NSL to Kimmel & Silverman, P.C. dated September 15, 2015 **[NSI000010]** | YES |
| **B.** | Deposition of Joseph Kovach taken on April 28, 2017 | YES |
| **C.** | Mr. Kovach's Responses to NSL's First Set of Requests for Admission | |
| **D.** | Mr. Kovach's Responses to NSL's First Set of Interrogatories | |
| **E.** | Mr. Kovach's Responses to NSL's First Set of Requests for Production | |

5

Copies of listed exhibits must be provided to opposing counsel and any *pro se* parties by no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery no later than 14 days after the exhibits are provided.

### 8. DISCOVERY

Discovery has been completed.

### 9. SPECIAL ISSUES

None.

### 10. SETTLEMENT

a. Counsel for the parties met by telephone on January 23, 2018 to discuss in good faith the settlement of this case.

b. The participants in the settlement conference included counsel for Mr. Kovach and NSL.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties do intend to hold future settlement conferences.

e. It appears from the discussion by all counsel that there that there is some possibility of settlement.

f. Counsel for the parties considered ADR in accordance with D.C.Colo.LCivR 16.6. The parties are considering moving for an order settling a settlement conference.

### 11. OFFERS OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

43934488;1

## 12.    EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13.    TRIAL AND ESTIMATED TRIAL TIME;
## FURTHER TRIAL PREPARATION PROCEEDINGS

1. The trial will be to a jury.

2. The trial is estimated to last 2 days.

3. The trial will be held at the Alfred A. Arraj United States Courthouse, Courtroom A602, 901 19th Street, Denver, Colorado 80294.

4. There are no other orders pertinent to the trial proceedings.

DATED this 2d day of February, 2018.

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge

APPROVED:

This the 26th day of January, 2018.   This the 26th day of January, 2018.

 */s/ Joseph C. Hoeffel*   */s/ Taylor T. Haywood*
Joseph C. Hoeffel   Justin D. Balser
Amy L. Ginsburg   Taylor T. Haywood
**KIMMEL & SILVERMAN P.C.**   **AKERMAN LLP**
30 East Butler Pike   1900 Sixteenth Street, Suite 1700
Ambler, Pennsylvania 19002   Denver, Colorado 80202
Telephone:  (215) 540-8888   Telephone:  (303) 260-7712

*Attorneys for Plaintiff Joseph A. Kovach*   *Attorneys for Defendant Navient Solutions, LLC f/k/a Navient Solutions, Inc.*