IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-02755-CMA-NYW

JOSEPH A. KOVACH,

    Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

    Defendant.

---

### ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

---

This matter is before the Court upon the parties' competing Motions for Summary Judgment.

Plaintiff Joseph A. Kovach moved for summary judgment on his sole claim against Defendant Navient Solutions, Inc., on December 2, 2017. (Doc. # 61.) Defendant responded in opposition to Plaintiff's Motion for Summary Judgment on December 26, 2017 (Doc. # 64), and Plaintiff filed a Reply in support of his motion on January 5, 2018 (Doc. # 66).

Defendant filed its Motion for Summary Judgment on December 4, 2017. (Doc. # 62.) Plaintiff responded in opposition to Defendant's motion on December 21, 2017 (Doc. # 63), to which Defendant replied on January 4, 2018 (Doc. # 65).

The Court, having reviewed all filings and relevant case law and being fully advised in the premises, denies both Motions for Summary Judgment.

# I. SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party

may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in her favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

## II. <u>DISCUSSION</u>

Upon review of the parties' filings and the evidence referenced therein, the Court determines that genuine issues of material fact preclude the Court from either Motion for Summary Judgment. Among the genuine issues of material fact:

- Whether Plaintiff revoked his consent to Defendant contacting him on his cell phone on May 28, 2015;
- Whether Plaintiff gave express consent to Defendant to contact him when he accessed Defendant's website on June 4, 2015;
- Whether Plaintiff revoked his consent to Defendant contacting him on August 24, 2015.

As such, neither party is entitled to summary judgment.

Since filing its Motion for Summary Judgment, Defendant has withdrawn its argument that the Court should enter summary judgment in its favor because the Bipartisan Budget Act of 2015 exempts it from liability. (Doc. # 65 at 7); *see* (Doc. # 62

3

at 10–11.) However, Defendant explicitly maintains its affirmative defense under the Bipartisan Budget Act of 2015. (Doc. # 65 at 7.) At Defendant's request, the Court orders specifically that Defendant's argument for summary judgment pursuant to the Bipartisan Budget Act of 2015—but not its affirmative defense under the same—is denied as moot. *See* (*id.*)

### III. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. # 61) is DENIED; and
2. Defendant's Motion for Summary Judgment (Doc. # 62) is DENIED.

DATED: June 25, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge