IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-02755-CMA-NYW

JOSEPH A. KOVACH,

    Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

    Defendant.

---

**ORDER ON PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION NUMBERS 4 AND 5**

---

This matter is before the Court upon the parties' simultaneous briefing regarding two of Plaintiff Joseph A. Kovach's responses to Defendant Navient Solutions, Inc.'s requests for admissions. *See* (Doc. ## 95, 96.) The Court orders that Plaintiff's two responses be treated as formal admissions, which have the effect of conclusively establishing a fact from issue and dispensing wholly with the need for proof of that fact.

### I.    BACKGROUND

Plaintiff obtained two Federal Stafford Student Loans and signed a Federal Stafford Loan Master Promissory Note in connection with the loans in 2007. (Doc. # 62 at 2.) Defendant has serviced Plaintiff's loans from September 7, 2011, through the present day. (*Id.*) In 2013, Plaintiff obtained a cellular telephone number ending in 5587, and he has retained this cellular telephone number during all relevant times. (*Id.*; Doc. # 61 at 1.) It is the only relevant telephone number for purposes of this case.

(Doc. # 73 at 2.) It is undisputed that Plaintiff provided his telephone number to Defendant (then known as Sallie Mae, Inc.) in 2013 and again during a telephone call on June 18, 2014. (*Id.*) The parties stipulate that Defendant had Plaintiff's prior express consent to call his cellular telephone until at least May 28, 2015.[1]

During the relevant time period, May 28, 2015, through August 27, 2015, Defendant called Plaintiff's cellular telephone thirty times using an automated telephone dialing system ("ATDS"). Plaintiff contends that when Defendant called him on May 28, 2015, he told Defendant's representative to "please stop calling [him]." (Doc. # 61 at 2.) The parties stipulate that on June 4, 2015, Plaintiff logged into his online account on Defendant's website. Plaintiff asserts that when Defendant called him on August 24, 2015, he "expressed . . . extreme displeasure at [Defendant's] repeated calls" to Defendant's representative. (*Id.* at 11 n.2.) He also contends that he "unequivocally revoked consent twice more on August 26 and 27," 2015. (*Id.*) Plaintiff characterizes Defendant's telephone calls as "annoying" and "harassing," and asserts that Defendant ignored his "explicit requests" to stop calling him. (*Id.* at 2–3; Doc. # 41 at 3.)

Plaintiff initiated this action against Defendant on November 11, 2016, asserting one claim against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227(b)(1)(A). (Doc. # 1; Doc. # 41 at 3–4.) The TCPA, in relevant part, provides:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone

---

[1] All stipulated facts are drawn from the parties' joint proposed jury instructions, which they submitted directly to the Court on August 1, 2018.

2

dialing service . . . to any telephone number assigned to a . . . cellular telephone service.

42 U.S.C. § 227(b)(1)(A). Plaintiff seeks statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B), treble damages for Defendant's willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C), and injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A). (Doc. # 41 at 5.) Defendant argues that Plaintiff cannot maintain his cause of action because he provided "prior express consent" within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(A), for all calls it made by ATDS to Plaintiff's telephone number. (Doc. # 50 at 4.)

During discovery, Defendant served Plaintiff with interrogatories, requests for admission, and requests for production on February 9, 2017. (Doc. # 96 at 2.) On March 13, 2017, Plaintiff responded to these discovery requests. *See* (Doc. # 95-1.) Relevant here are Plaintiff's responses to two of Defendant's requests for admission:

**REQUEST FOR ADMISSION NO. 4**:

Admit YOU provided YOUR cellular telephone number . . . to [Defendant] via [Defendant]'s website on June 4, 2015.

**RESPONSE**: Admitted.


**REQUEST FOR ADMISSION NO. 5**:

Admit YOU consented to contact by automated telephonic dialing technology via [Defendant]'s website on June 4, 2015.

**RESPONSE**: Admitted.

(*Id.* at 2.) During his deposition on April 28, 2017, Plaintiff confirmed those responses:

[Counsel for Defendant] Q. Okay. In one of the requests for admission it says, Request for admission Number 4, Admit you provided your cellular

3

> telephone number . . . to [Defendant] via [Defendant]'s website on June 4, 2015. And your response was, Admitted. Is that response accurate?
>
> [Plaintiff] A. Yes, I guess it is.
>
> Q. Okay. So you – I think we can agree you provided [Defendant] with your cellular telephone number . . . at least on June 4, 2015, right?
>
> A. Yes.

(Doc. # 62-1 at 70.) After those answers, Defendant's counsel did not continue to probe into Plaintiff's June 4, 2015, interactions with its website. *See generally* (*id.*)

The parties filed dueling Motions for Summary Judgment on December 2 and 4, 2017. (Doc. ## 61, 62.) In its Motion for Summary Judgment, Defendant stated that it was "undisputed" that Plaintiff "provided his cellular telephone number to [Defendant] . . . via [Defendant]'s website on June 4, 2015. . . . [and] [Plaintiff] consented to [Defendant] contacting him using an ATDS on June 4, 2015," citing Plaintiff's responses to Requests for Admissions Numbers 4 and 5. (Doc. # 62 at 3.)

Plaintiff took issue with Defendant's description of the events of June 4, 2015, in his Response:

> [Plaintiff] admits that he provided his cellular telephone number to [Defendant] via its website on the day he set up his account. However, he denies that he set up his account on June 4, 2015 or that he provided his cellular telephone number to [Defendant] after setting up his account. His response to [Defendant]'s Request for Admission No. 4 reflected his assumption that the date of June 4, 2015 that [Defendant] supplied accurately stated the date on which he set up his account. His recollection has since been refreshed by hearing the subsequently-produced call dated May 28, 2015, in which he told [Defendant] to stop its repeated calls. Before hearing this call, he remembered only that he had told [Defendant] to stop, not the exact date on which he did so. [Plaintiff] remembers that he set up his account before [Defendant]'s repetitive calls began, and that he did not regrant consent after telling [Defendant] to stop.

4

(Doc. # 63 at 2–3.)  Plaintiff also disputed Defendant's assertion that he had consented to Defendant contacting him via ATDS on June 4, 2015, denying that "he set up his account on June 4, 2015 or that he provided his cellular telephone number to [Defendant] through its website."  (*Id.* at 3.)  Again, he argued that "[h]is response to [Defendant]'s Request for Admission No. 5 reflected his assumption that the date on June 4, 2015 that [Defendant] supplied accurately stated the date on which he set up his account."  (*Id.*)  Plaintiff simultaneously submitted an affidavit dated December 21, 2017, stating the same.  (Doc. # 63-1 at 3–4.)

The Court denied both parties' Motions for Summary Judgment on June 25, 2018.  (Doc. # 82.)

The parties have since been preparing for a two-day jury trial.  *See* (Doc. # 74.)  On July 11, 2018, the parties submitted stipulated final jury instructions, pursuant to the Court's civil practice standards, included the parties' stipulated facts.  Relevant here is their tenth stipulated fact: "Mr. Kovach logged into his online account on NSL's website on June 4, 2015."

The parties appeared before this Court for their Final Trial Preparation Conference on July 24, 2018.  *See* (Doc. # 94.)  Defendant's counsel brought the tenth stipulation to the Court's attention, arguing that because Plaintiff admitted in his responses to Requests for Admission Numbers 4 and 5 that he had provided his telephone number and consented to receiving Defendant's calls via ATDS on June 4, 2015, when he logged into Defendant's website, and because Plaintiff never withdrew those admissions by motion, the tenth stipulation should include these admissions

pursuant to Federal Rule of Civil Procedure 36(b). Plaintiff's counsel responded that Plaintiff did retract those admissions by virtue of the affidavit he filed with his Response to Defendant's Motion for Summary Judgment. The Court ordered simultaneous briefing on this issue, and that briefing is now before the Court. See (Doc. ## 95, 96.)

## II.     LEGAL STANDARD FOR JUDICIAL ADMISSIONS

Federal Rule of Civil Procedure 36 permits a party to serve on the opposing party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application or law to fact, or opinions about either." Fed. R. Civ. P. 36(a). Rule 36 "serves a very useful purpose in that it encourages admissions and thus, in many cases, eliminates the necessity of the formal proof of relevant facts." *Champlin v. Okla. Furniture Mfg. Co.*, 324 F.2d 74, 76 (10th Cir. 1963). Such "[j]udicial admissions are formal admissions . . . which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Grynberg v. Bar S Serv., Inc.*, 527 F. App'x 736, 739 (10th Cir. 2013) (quoting *Guidry v. Sheet Metal Works Int's Ass'n*, 10 F.3d 700, 716 (10th Cir. 1993*)); see U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 833 n.4 (10th Cir. 2005). Judicial admissions "are binding in the entirety of the case in which they were made." *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1212 n.3 (10th Cir. 2017). Once a fact is judicially admitted, "the person obtaining the admission" may "rely thereon in preparation for trial." *Gardner v. S. Ry. Sys.*, 675 F.2d 949, 954 (7th Cir. 1982); *see* 8B Charles Alan Wright, et al., Fed. Prac. & Proc. Civ. § 2252 (3d ed.). The binding nature of an admission and the preclusion of contrary evidence are essential to the purpose of

Rule 36. "While this may have a dramatic effect on a party's ability to prevail, any lesser effect would undermine the goals of Rule 36—narrowing the issues and conserving resources at trial." *Horner v. Tyson Foods, Inc.*, No. 12-CV-00080-JHP-TLW, 2012 WL 5995966, *3 (N.D. Okla. Nov. 30, 2012) (citing *Armour v. Knowles*, 512 F.3d 147, 154 n.13 (5th Cir. 2007)).

Rule 36(b) allows for a judicial admission to be withdrawn or amended in limited circumstances:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). A court "may permit such withdrawal or amendment when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party." *Raiser v. Utah Cty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (internal quotation omitted). Though Rule 36(b) states that withdrawal or amendment may only be done "on motion," the Tenth Circuit has recognized that a strict application of that requirement may be "overly technical and . . . not recognize the reality of the situation." *Bergemann v. United States*, 820 F.2d 1117, 1120 (10th Cir. 1987). Rather, courts in this jurisdiction exercise their discretion to permit withdrawal or amendment after considering the two factors of Rule 26(b). *See, e.g., Ropfogel v. United States*, 138 F.R.D. 579, 582–83 (D. Kan. 1991).

### III.    ANALYSIS

Plaintiff asserted at the Final Trial Preparation Conference and now maintains that his Response to Defendant's Motion for Summary Judgment and the accompanying affidavit, *see* (Doc. ## 63, 63-1), amounted to a request to withdraw his admissions to Defendant's Requests for Admissions Numbers 4 and 5.  *See* (Doc. # 95 at 6.)  A response to a motion for summary judgment may "constitute a Rule 36(b) motion to withdraw . . . admissions." *In re Durability Inc.*, 212 F.3d 551, 556–57 (10th Cir. 2000).  The Court therefore exercises its discretion within the bounds of the two-part test of Rule 36(b).  *See Pedroza v. Lomas Auto Mall, Inc.*, 258 F.R.D. 453, 462–63 (D.N.M. 2009).

For the reasons discussed below, Plaintiff's request to withdraw his admissions is denied.  Withdrawal of the admissions concerning his interactions with Defendant's website on June 4, 2015, will not subserve the presentation of the merits of the case and will result in prejudice to Defendant in maintaining this action.

### A.    BENEFIT TO THE PRESENTATION OF THE MERITS

The first factor of Rule 36(b) "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Raiser*, 409 F.3d at 1246 (quoting *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1265 (11th Cir. 2002)).  A court may look at whether the admission is contrary to the record of the case and whether the admission is no longer true "because of changed circumstances or when through an honest error a

party has made an improvident admission." *Ropfogel*, 138 F.R.D. at 583 (internal citations omitted.)

Plaintiff hastily argues that "treating [his] admissions to Requests No. 4 and 5 as withdrawn would benefit the presentation of the merits of this case" because "the jury should be allowed to hear evidence on whether or not Plaintiff granted consent to be called on June 4. He has one recollection; Defendant has another." (Doc. # 95 at 4.) Plaintiff reasserts that the "admissions were made to the best of [his] knowledge at the time," but that his "memory was refreshed by hearing his voice telling Defendant to stop on the call of May 28." (*Id.*) He maintains that "his memory remained consistent about the order of events." (*Id.*)

Plaintiff fails to convince the Court that the presentation of the merits of this action will be facilitated by ordering the withdrawal of the admissions at issue. *See Ropfogel v. United States*, 138 F.R.D. at 582 (the burden on this element rests of the party moving to withdraw the admissions). First, upholding Plaintiff's admissions does not "practically eliminate any presentation of the merits of the case," *see Raiser*, 409 F.3d at 1246; it instead will narrow the focus of the trial to Plaintiff's interactions with Defendant in late August 2015. Second, Plaintiff has made no showing that his admissions are contrary to the record, that they are no longer true, or that they were made through error. Rather, the record supports the veracity of the admissions. In his deposition taken six weeks after he responded to Defendant's requests for admission, Plaintiff confirmed his responses and agreed that he provided Defendant with his cellular telephone number on June 4, 2015. (Doc. # 62-1 at 70.) Third, the Court is not

9

convinced that the admissions at issue were simply a result of memory failure. As Defendant argues, *see* (Doc. # 96 at 8), in responses to other requests for admission Plaintiff made on the same day, Plaintiff stated that he was "unable to recall" certain facts and might need to "supplement" his responses as discovery proceeded. (Doc. # 95-1 at 3.) This suggests to the Court that Plaintiff was aware of the limitations of his memory when he responded to the requests for admission. Accordingly, the Court concludes that withdrawal of his admissions will not aid the presentation of the merits of the case.

**B.     PREJUDICE TO DEFENDANT**

The prejudice contemplated by the second factor of Rule 36(b) "is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Bergemann*, 820 F.2d at 1121. Rather, "[t]he prejudice contemplated by the rules 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (10th Cir. 1983) (quoting *Brook Vill. N. Assocs. v. General Electric Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). "Reliance on admissions in preparing for trial may show prejudice. Allowing the withdrawal of admissions on the eve of trial could unfairly disrupt trial preparations." *Ropfogel*, 138 F.R.D. at 583 (citing *United States v. Golden Acres, Inc.*, 684 F. Supp. 96, 99 (D. Del. 1988)); *see S.E.C. v. Dickson*, No. 2:11-cv-907-CW-BCW, 2013 WL 5563924, *4 (D. Utah Oct. 8, 2013).)

Defendant argues that Plaintiff's admissions, "at the outset of discovery, simplified the litigation of this case, and limited the necessary discovery." (Doc. # 96 at 7.) It "relied" on the admissions and therefore "took no additional discovery regarding Plaintiff's interaction" with its website, "including what he perceived, did, or understood when Plaintiff accessed the website" on June 4, 2015. (*Id.*) Defendant asserts that had there been factual disputes about Plaintiff's visit to its website on June 4, 2015, it "would have needed to engage in an entire line of discovery regarding Plaintiff's visit to the website, including how he interacted with the same." (*Id.* at 8.) It argues that if Plaintiff is now allowed to provide evidence contradicting his admissions or withdraw them entirely, it will be "severely prejudiced in its ability to defend itself at trial," as it "has no evidence, or ability to get evidence," concerning Plaintiff's interactions with its website on June 4, 2015. (*Id.* at 9.) This, in Defendant's view, would be "tantamount to trial by ambush."

The Court agrees. Were the Court to grant Plaintiff's request to withdraw his admissions, Defendant would suddenly—less than one week before trial—need to obtain evidence required to prove that Plaintiff entered his telephone number and consented to be called via ATDS on Defendant's website on June 4, 2015. *See Gutting,* 710 F.2d at 1314. This would unfairly disrupt Defendant's trial preparations. *S.E.C. v. Dickson*, 2013 WL 5563924, is instructive. There, the Court denied the defendant's motion to withdraw certain admissions he made in part because the second prong of the Rule 36(b) test was satisfied. *Id.* at *4. The Court described:

> [The plaintiff] propounded their discovery requests early in the discovery process and relied on the responses for well over a year. This reliance

11

> undoubtedly helped shape the [plaintiff]'s strategy for additional discovery, depositions and overall case preparation. In addition, if the admissions are allowed to be amended, the Court agrees with the [plaintiff] that fact discovery will need to be re-opened and information may be difficult to obtain because "information has, inevitably, gone stale." Further, by relying on the admissions for over a year, the [plaintiff] is prejudiced by having to change course in the very late stages of this case.

*Id.* Similarly, in this case, Defendant reasonably relied on Plaintiff's admissions for several months. As Defendant explained, these admissions shaped its strategies for discovery and trial. The Court therefore concludes that Defendant has satisfied its burden to demonstrate that withdrawal of admissions will prejudice it in maintaining the action on the merits. *See Ropfogel*, 138 F.R.D. at 582.

For these reasons, the Court denies Plaintiff's request to withdraw his admissions regarding the consent he gave Defendant on June 4, 2015, or to present contradictory evidence.

## IV.    CONCLUSION

The Court will treat Plaintiff's responses to Defendant's Requests for Admission Numbers 4 and 5 and judicial admissions pursuant to Rule 36 and will exclude any evidence contrary to the admissions.

Because Plaintiff has judicially admitted that he provided consent to be called via ATDS to Defendant on June 4, 2015, the twenty-three telephone calls Defendant made to Plaintiff between June 4, 2015, and August 24, 2015, were not in violation of the TCPA.

The only remaining calls at issue are: the one call between May 28, 2015, and June 4, 2015, made on June 3, 2015, and the five calls between August 24, 2015, and August 27, 2015, made on August 25–27, 2015.

It is ORDERED that the parties shall submit a revised listing of stipulated facts, if any, to the Court by noon on August 6, 2018.

DATED: August 2, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge